DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Williams County Court of Common Pleas. Following the return of a jury verdict, appellant was found guilty of eight counts involving drug trafficking. Because we conclude that the trial court properly imposed sentence upon appellant, we affirm.
On October 15, 1998, a jury found appellant, John A. Olvera, guilty of eight counts of drug trafficking, with the added specification that appellant committed the offenses within one thousand feet of school property. The trial court imposed the following terms of imprisonment upon appellant, to be served at Ohio Department of Rehabilitation and Corrections: 1) twelve months — on each of six counts of trafficking marijuana in violation of R.C. 2925.03(A)and (C)(3)(b), felonies of the fourth degree; 2) three years — on one count of trafficking in marijuana, in violation of R.C. 2925.03(A) and (C)(3)(c, a felony of the third degree; 3) twelve months — on one count of trafficking in cocaine, a violation of R.C. 2925.03(A) and(C)(3)(b), a felony of the fourth degree.
The court then ordered that all the sentences be served consecutively to each other and consecutively to the sentences appellant received for two convictions of drug possession from another case. On appeal, this court affirmed the convictions, but reversed as to the school vicinity specification, and remanded for resentencing. See State v. Olvera (Oct. 15, 1999), Williams App. Nos. WM-98-022 and WM-98-023, unreported.
On remand, the trial court properly acknowledged the one level reduction in felony degree as to each count and resentenced appellant as follows: 1) eleven months — on each of six counts of trafficking marijuana in violation of R.C. 2925.03(A)and (C)(3)(b), felonies of the fifth degree; 2) seventeen months — on one count of trafficking in marijuana, in violation of R.C. 2925.03(A) and (C)(3)(c, a felony of the fourth degree; 3) eleven months — on one count of trafficking in cocaine, a violation of R.C. 2925.03(A) and(C)(3)(b), a felony of the fifth degree. The court, referencing its previous findings from the first sentencing which had not been disturbed on appeal, again ordered the sentences to be served consecutively.
Appellant now appeals this most recent sentence, setting forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED IN NOT MAKING THE REQUISITE FINDINGS WHEN SENTENCING APPELLANT TO A TERM OF IMPRISONMENT.
 "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN RESENTENCING APPELLANT UPON REMAND FROM THE COURT OF APPEALS."
We will address appellant's assignments of error together. Appellant contends that the trial court, upon resentencing, did not make the requisite statutory findings or, alternatively, abused its discretion in imposing consecutive prison terms upon appellant.
A term of incarceration for a fourth or fifth degree felony may be imposed, pursuant to R.C. 2929.13(B), if the court finds that at least one factor listed in R.C. 2929.13(B)(1) is applicable. The court then must consider the factors sent forth in R.C. 2929.11 and 2929.12, regarding the overriding purposes of felony sentencing, seriousness and likelihood of recidivism. R.C. 2929.13(B)(2)(a)and (b); State v. Sims
(Dec. 9, 1998), Summit App. No. 19018, unreported. See also R.C.2929.13(C). After considering these and all other relevant factors, if the court finds that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C.2929.13(B)(2)(a).
R.C. 2929.14(A)(4) provides that for a felony of the fourth degree, a court may impose a prison term of six to eighteen months. For a felony of the fifth degree, the prison term may be six to twelve months. R.C.2929.14(A)(5). If an offender has not previously served a prison term, the court must impose the shortest prison term authorized for an offense, "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). A trial court may require an offender to serve multiple prison terms consecutively, if the court finds that it is necessary to
 "protect the public from future crime or punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offenders conduct and to the danger the offender poses to the public, and if the court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E).
In this case, the judgment entry for appellant's resentencing on December 1, 1999, specifically states that the court considered the factors under R.C. 2929.13(B) and finds that the defendant has previously served a prison term. The court also specifically found, after considering the factors of R.C. 2929.11 and 2929.12, "that a prison sentence is consistent with the purposes of Ohio Revised Code §2929.11, and the defendant is not amenable to community control sanction." The court also found that the shortest prison term will "demean the seriousness of the defendant's conduct." Thus, the sentences imposed by the trial court were within the limits authorized by the corresponding statutory guidelines.
Furthermore, the record indicates that the court incorporated the same findings in the resentence hearing as were found at the first sentencing hearing. The court was troubled that appellant thought of himself as an exemplary parent, even though he used and sold drugs. The court also noted that appellant, while released on personal recognizance during the pendency of the proceedings, was arrested for violating the terms of his house arrest order, i.e., breaking his curfew, being under the influence of alcohol and drugs, and having drugs in his possession. The court stated that appellant's conduct was "a clear violation of a Court order and what I have to assume is your absolute disrespect and disdain for the criminal justice system and for this Court."
After reviewing appellant's criminal record, presentence report, and the defendant's conduct during the pendency of the proceedings, the trial court specifically found in its judgment entry, pursuant to R.C.2929.14(E), that appellant's conduct and history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public from future crime by appellant, and that the sentence was not disproportionate to the seriousness of the crimes committed. Upon our review of the record, we conclude that the court balanced the seriousness and recidivism factors, made all the requisite inquiries and findings, and properly imposed consecutive sentences upon appellant.
Accordingly, appellant's two assignments of error are not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
State v. Olvera
WM-99-019
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., Mark L. Pietrykowski, J., JUDGE, CONCUR.